| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION | VOLUNTARY PETITION |
|---|---|

| | |
|---|---|
| IN RE<br>*Brown, Emanuel N.* | NAME OF JOINT DEBTOR |
| ALL OTHER NAMES used by the debtor in the last 6 years<br>*NONE* | ALL OTHER NAMES used by the joint debtor in the last 6 years |
| SOC. SEC.#/TAX I.D.#  *(State All)*<br>*xxx-xx-2926* | SOC. SEC.#/TAX I.D.# |
| STREET ADDRESS OF DEBTOR<br>*4440 N. Western*<br>*Chicago, IL 60625*<br>     *Ph:* | STREET ADDRESS OF JOINT DEBTOR |
| COUNTY OF RESIDENCE OR BUSINESS<br>*Cook County* | COUNTY OF RESIDENCE OR BUSINESS |
| MAILING ADDRESS OF DEBTOR<br>*SAME* | MAILING ADDRESS OF JOINT DEBTOR |
| | Chapter 13W/Plan |
| BUSINESS DEBTOR'S PRINCIPAL ASSET LOCATION<br>*NOT APPLICABLE* | VENUE<br>[X] *Debtor's domicile, residence, or business assets were in this District for the 180 days preceding this petition.* |

## INFORMATION REGARDING DEBTOR

| | |
|---|---|
| DEBTOR TYPE: [X] *Individual*<br>DEBT NATURE: [X] *Non-Business/Consumer* | CHAPTER/SECTION: [X] *Chapter 13*<br>SMALL BUSINESS:<br>[ ] *Debtor is a small business - 11 USC 101*<br>[ ] *Elects small business - 11 USC 1121(e)*<br>FILING FEE: [X] *attached* |
| | NAME AND ADDRESS OF LAW FIRM OR ATTORNEY<br>*Neal Feld*<br>*500 N. Michigan, Ste. 300*<br>*Chicago, Illinois 60611*<br><br>Telephone No. *(312) 396-4130* |
| | ATTORNEY(S) REPRESENTING DEBTOR<br>*Neal Feld* |
| | [ ] Debtor |

## STATISTICAL ADMINISTRATIVE INFORMATION (28 U.S.

[X] Funds will not be available for unsecured creditors.

| | |
|---|---|
| ESTIMATED NO. OF CREDITORS: | [X] *1-15* |
| ESTIMATED ASSETS (thousands): | [X] *Under 50* |
| ESTIMATED LIABILITIES (thousands): | [X] *Under 50* |
| ESTIMATED NO. OF EMPLOYEES: | [X] *Not Applicable* |
| ESTIMATED EQUITY SECURITY HOLDERS: | [X] *Not Applicable* |

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 11/29/2004
Time: 10:32:08
Debtor: EMANUEL N BROWN
Case: 04-43837          Fee : 194
Chapter: 13 Rec. # : 3112935
Judge: Susan Pierson Sonderby
341 mtg: 01/04/2005 @ 01:30PM
ConfHrg: 01/20/2005 @ 10:30AM
Trustee: TOM VAUGHN

1:04BK43837-BK001

Debtor: *Emanuel N. Brown*                    Case No.:_____

---

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only.   [X]  *Debtor's proposed plan dated* _____ *is attached.*

---

## PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS

| Location Where Filed *NONE* | Case Number | Date Filed |
|---|---|---|

## PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR

| Name of Debtor *NONE* | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

---

## REQUEST FOR RELIEF

Debtor requests relief under the U.S. Code title 11 chapter specified in this petition.

## SIGNATURES

### Attorney

X    *Neal Feld*             Date: *11-24-04*
Attorney: *Neal Feld*

---

### INDIVIDUAL DEBTOR

I declare under penalty of perjury that the information provided in this petition is true and correct.

X    *Emanuel Brown*    Date: *11-24-04*
Debtor: *Emanuel N. Brown*

### CORPORATE OR PARTNERSHIP DEBTOR

I declare under penalty of perjury that the information in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.

X _____
Signature of Authorized Individual
Name:
Title:                   Date:

*If the Debtor is a corporation filing under chapter 11, Exhibit "A" is attached and made part of this petition.

---

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 S322)

I am aware that I may proceed under chapter 7, 11, or 12, or 13 of title 11, U.S. Code understand the relief available under such chapter and choose to proceed under chapter 7 of such title. If I am represented by an attorney Exhibit "B" has been completed.

X    *Emanuel Brown*    Date: *11-24-04*
Debtor: *Emanuel N. Brown*

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 USC S110)

I certify that I am a bankruptcy petition preparer as defined in 11 USC S110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Name of Bankruptcy Petition Preparer:

---

### EXHIBIT "B"

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, U.S. Code, and have explained the relief available under such chapter.

X    *Neal Feld*    Date: *11-24-04*
Attorney: *Neal Feld*

All Others Who Assisted in Preparation:

X _____
Signature of Preparer

Failure to comply may result in fines or imprisonment or both. 11 USC S110; 18 USC S156

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re   *Emanuel N. Brown*                                    Case No.
                                                             Chapter *13*
_____ / Debtor

Attorney for Debtor: Neal Feld

### STATEMENT Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b), Rules of Bankruptcy Procedure, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or promised by the Debtor(s), to the undersigned, is as follows:
   a) For legal services rendered, or to be rendered in contemplation of
      and in connection with this case . . . . . . . . . . . . . . . . . . . $ 2,200.00
   b) Prior to the filing of this Statement, Debtor(s) has paid. . . . . . .    250.00
   c) Balance Due  . . . . . . . . . . . . . . . . . . . . . . . . . . .    1,950.00

3. The Filing Fee *has been paid.*

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the
      debtor(s) in determining whether to file a petition under Title 11, U.S.C.
   b) Preparation and filing of the petition, schedules, statement of affairs and other
      documents required by the court.
   c) Representation of the debtor(s) at the first meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings,
   wages and compensation for services performed, and
      *none other.*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid
   balance remaining, if any, will be from earnings, wages and compensation for services
   performed, and *none other.*

7. The undersigned has received no transfer, assignment or pledge of property except the
   following for the value stated:
      *None.*

8. The undersigned has not shared or agreed to share with any other entity, other than
   with members of the undersigned's law firm, any compensation paid or to be paid except
   as follows: *None.*

Dated: *11·24·04*                              Respectfully submitted,

                                               *Neal Feld*
Attorney for Petitioner: *Neal Feld*
                         *500 N. Michigan, Ste. 300*
                         *Chicago, Illinois 60611*

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

**Chapter 7:** Liquidation ($130 filing fee plus $45 administrative fee)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to the priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

**Chapter 13:** Repayment of All or Part of the Debts of an Individual with Regular Income ($130 filing fee plus $30 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

**Chapter 11:** Reorganization ($800 filing fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:** Family farmer ($200 filing fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

| | | |
|---|---|---|
| 11/28/04 | _(signature)_ | |
| Date | Signature of Debtor | Case Number |

Debtor Copy / Court Copy
(B 201 Rev 1/95)

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re   *Emanuel N. Brown*

Case No.
Chapter *13*
/ Debtor

Attorney for Debtor: Neal Feld

## SUMMARY OF SCHEDULES

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 3 | $ 1,200.00 | | |
| C - Property Claimed As Exempt | Yes | 1 | | | |
| D - Creditor Holding Secured Claims | Yes | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 19,101.19 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 1,083.33 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 860.00 |

Total Number of sheets in ALL Schedules > _12_

Total Assets > $    1,200.00

Total Liabilities > $    19,101.19

In re: *Emanuel N. Brown* _____ / Debtor      Case No.

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | H W J C | Market Value of Debtor's Interest | Amount of Secured Claim |
|---|---|---|---|---|
| NONE | | | Total $ 0.00 | |

Schedule A - page 1 of 1

In re: _Emanuel N. Brown_ _____ / Debtor      Case No.

## SCHEDULE B - PERSONAL PROPERTY

| Description of Property | Location | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|
| 1. Cash on hand. _Cash_ | | | $ 50 |
| 2. Checking, savings or other financial accounts, certificates of deposits or shares in banks, savings, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. [x] NONE | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. [x] NONE | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. _Furniture and household goods_ | | | $ 750 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. [x] NONE | | | |
| 6. Wearing apparel. _Clothing_ | | | $ 350 |
| 7. Furs and jewelry. _Jewelry_ | | | $ 50 |
| 8. Firearms and sports, photographic, and other hobby equipment. [x] NONE | | | |
| 9. Interests in insurance policies. [x] NONE | | | |
| 10. Annuities. [x] NONE | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. [x] NONE | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. [x] NONE | | | |

In re: *Emanuel N. Brown* _____ / Debtor     Case No.

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Description of Property | Location | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|

13. Interests in partnerships or joint ventures.
    [x] NONE

14. Government and corporate bonds and other negotiable and non-nego-
    tiable instruments.
    [x] NONE

15. Accounts receivable.
    [x] NONE

16. Alimony, maintenance, support, and property settlements, to which
    the debtor is or may be entitled.
    [x] NONE

17. Other liquidated debts owing debtor including tax refunds.
    [x] NONE

18. Equitable and future interests, life estates, and rights of power
    exercisable for the benefit of the debtor other than those
    listed in Schedule of Real Property.
    [x] NONE

19. Contingent and non-contingent interests in estate of a decedent,
    death benefit plan, life insurance policy, or trust.
    [x] NONE

20. Other contingent and unliquidated claims of every nature, including
    tax refunds, counter claims of the debtor, and the rights to
    setoff claims.
    [x] NONE

21. Patents, copyrights, and other intellectual property.
    [x] NONE

22. Licenses, franchises, and other general intangibles.
    [x] NONE

23. Automobiles, trucks, trailers, and other vehicles and accessories.
    [x] NONE

24. Boats, motors, and accessories.
    [x] NONE

In re: *Emanuel N. Brown* _____ / Debtor      Case No.

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Description of Property | Location | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|

25. Aircraft and accessories.
    [x] NONE

26. Office equipment, furnishings, and supplies.
    [x] NONE

27. Machinery, fixtures, equipment, and supplies used in business.
    [x] NONE

28. Inventory.
    [x] NONE

29. Animals.
    [x] NONE

30. Crops - growing or harvested.
    [x] NONE

31. Farming equipment and implements.
    [x] NONE

32. Farm supplies, chemicals, and feed.
    [x] NONE

33. Other personal property of any kind not already listed.
    [x] NONE

                                      Total       $ 1,200

In re: *Emanuel N. Brown* _____ / Debtor      Case No.

## SCHEDULE C - PROPERTY CLAIMED EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
[x] 11 USC 522(b)(2): Exemptions available under applicable nonbankruptcy
                      federal laws, and state or local laws.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property w/o Deducting Exemption |
|---|---|---|---|
| **Cash on hand** *Cash* | | | $ 50 |
| | 735 ILCS 5/12-1001(b) | $ 50 | |
| **Household goods and furnishings** 0p12h10v0s0b8T | | | $ 750 |
| | 735 ILCS 5/12-1001(b) | $ 750 | |
| **Wearing apparel** *Clothing* | | | $ 350 |
| | 735 ILCS 5/12-1001(a) | $ 350 | |
| **Furs and jewelry** *Jewelry* | | | $ 50 |
| | 735 ILCS 5/12-1001(b) | $ 50 | |

In re: *Emanuel N. Brown* _____ / Debtor      Case No.

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| Creditor Name and Address | Date, Nature of Lien, Description & Value | Claim Amount | Unsecured Portion and Notes* |
|---|---|---|---|

[X] Debtor has no creditors holding secured claims to report on this Schedule D.

No continuation sheets attached

In re: *Emanuel N. Brown*               / Debtor       Case No.

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X] Debtor has no creditors holding unsecured priority claims to report on this
    Schedule E.


## TYPES OF PRIORITY CLAIMS

[ ] **Extensions of credit in an involuntary case**
    Claims arising in the ordinary course of the debtor's business or financial affairs
    after the commencement of the case but before the earlier of the appointment of a
    trustee or the order for relief.  11 U.S.C. S507(a)(2).

[ ]
[ ]
    Wages, salaries, and commissions, including vacation, severance, and sick leave pay
    owing to employees and commissions owing to qualifying independent sales
    representatives up to $4000* per person earned within 90 days immediately preceding
    the filing of the original petition, or the cessation of business, whichever
    occurred first, to the extent provided in 11 U.S.C. S507(a)(3).

[ ] **Contributions to employee benefit plans**
    Money owed to employee benefit plans for services rendered within 180 days immediately
    preceding the filing of the original petition, or the cessation of business, whichever
    occurred first, to the extent provided in 11 U.S.C. S507(a)(4).

[ ] **Certain farmers and fishermen**
    Claims of certain farmers and fishermen, up to $4000* per farmer or fisherman, against
    the debtor, as provided in 11 U.S.C. S507(a)(5).

[ ] **Deposits by individuals**
    Claims of individuals up to $1800* for deposits for the purchase, lease, or rental of
    property or services for personal, family, or household use, that were not delivered
    or provided.  11 U.S.C. S507(a)(6).

[ ] **Alimony, Maintenance, or Support**
    Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance or
    support, to the extent provided in 11 U.S.C. S507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**
    Taxes, customs duties, and penalties owing to federal, state, and local governmental
    units as set forth in 11 U.S.C. S507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**
    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift
    Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve
    System, or their predecessors or successors, to maintain the capital of an insured
    depository institution.  11 U.S.C. S507(a)(9).


* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter
  with respect to cases commenced on or after the date of adjustment.

No continuation sheets attached

In re: *Emanuel N. Brown* _____/ Debtor    Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | Creditor Name and Address | Date Claim was Incurred Consideration for Claim | Claim Amount and Notes* |
|---|---|---|---|
| 1. | Account No. B65021478297-IL<br>City of Chicago<br>Bureau of Parking<br>333 S. State LL30<br>Chicago IL 60604 | Parking Tickets | $ 13,320.00 |
| 2. | Account No. 56318<br>Diagnostic Radiology Spec. SC<br>1415 W. 55th St. Suite 101<br>Countryside, IL 60525 | Medical bills | $ 32.00 |
| 3. | Account No. 61174<br>North Side Community Federal<br>1011 W. Lawrence<br>Chicago, IL 60640-5017 | Auto Loan Deficiency | $ 5,289.20 |
| 4. | Account No. 241063709<br>T-Mobile/Voicescream Wireless<br>Bankruptcy & Information Dept.<br>PO Box 21367<br>Tampa, FL 33622-1367 | Cell Phone | $ 459.99 |
| | Superior Asset Management Inc<br>PO Box 6740<br>Clearwater, FL 33758-6740 | Representing: T-Mobile/Voicescream Wireless | |

No continuation sheets attached

Subtotal:  $ 19,101.19
Total:  $ 19,101.19

In re: *Emanuel N. Brown* _____ / Debtor    Case No.

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name and Address of Other Parties to Instrument | Notes of Contract or Lease and Debtor's Interest |
|---|---|

[X] No executory contracts or unexpired leases.

In re: *Emanuel N. Brown* _____ / Debtor     Case No.

## SCHEDULE H - CODEBTORS

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|

[X] Debtor has no codebtors.

In re: *Emanuel N. Brown* _____/ Debtor    Case No.

## SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

DEBTOR'S MARITAL STATUS: *Single*

DEPENDENTS OF DEBTOR AND SPOUSE: None

EMPLOYMENT:

|  | DEBTOR | SPOUSE |
|---|---|---|
| Occupation: | Security Guard | |
| Name of Employer: | Swedish Covent Hospital | |
| How Long Employed: | 3 years | |
| Employer Address: | Foster & California | |
| | Chicago, IL | |

| INCOME: | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary, and commissions | | $ 1,516.67 | $ |
| Estimated monthly overtime | | $ 0.00 | $ |
| | SUBTOTAL | $ 1,516.67 | $ |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | $ 433.33 | $ |
| b. Insurance | | $ 0.00 | $ |
| c. Union dues | | $ 0.00 | $ |
| d. Other: | | $ 0.00 | $ |
| | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 433.33 | $ |
| | TOTAL NET MONTHLY TAKE HOME PAY | $ 1,083.33 | $ |
| | | | |
| Regular income from operation of business or profession or farm (attach detailed statement) | | $ 0.00 | $ |
| Income from real property | | $ 0.00 | $ |
| Interest and dividends | | $ 0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ 0.00 | $ |
| Social security or other government assistance | | $ 0.00 | $ |
| Pension or retirement income | | $ 0.00 | $ |
| Other monthly income | | $ 0.00 | $ |
| | TOTAL MONTHLY INCOME | $ 1,083.33 | $ |
| TOTAL COMBINED MONTHLY INCOME | | $ 1,083.33 | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:
    NONE

Schedule I-Current Income Page 1 of 1

In re: *Emanuel N. Brown* _____ / Debtor    Case No.

## SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $   180.00 |
| Are real estate taxes included?    Yes___   No x | |
| Is property insurance included?    Yes___   No x | |
| Utilities: Electricity and heating fuel | $    60.00 |
|        Water and sewer | $     0.00 |
|        Telephone | $    60.00 |
|        Other | $     0.00 |
| Home maintenance (repairs and upkeep) | $     0.00 |
| Food | $   300.00 |
| Clothing | $    50.00 |
| Laundry and Dry cleaning | $    40.00 |
| Medical and Dental expenses | $    40.00 |
| Transportation (not including car payments) | $    80.00 |
| Recreation, clubs, and entertainment, newspaper, magazines, etc. | $     0.00 |
| Charitable contributions | $     0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|        Homeowner's or renter's | $     0.00 |
|        Life | $     0.00 |
|        Health | $     0.00 |
|        Auto | $     0.00 |
|        Other | $     0.00 |
| Taxes (not deducted from wages or included in home mortgages) | $     0.00 |
| Installment payments:(Do not list payments to be included in the plan) | |
|        Auto | $     0.00 |
|        Other | $     0.00 |
| Alimony, maintenance, and support paid to others | $     0.00 |
| Payments for support of additional dependents not living at your home | $     0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $     0.00 |
| Other Personal Grooming | $    50.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $   860.00 |

FOR CHAPTER 12 AND 13 DEBTORS ONLY

| | |
|---|---:|
| A. Total projected monthly income | $ 1,083.33 |
| B. Total projected monthly expenses | $   860.00 |
| C. Excess income (A minus B) | $   223.33 |
| D. Total amount to be paid into plan Bi-Weekly | $   103.08 |

In re: *Emanuel N. Brown* _____ / Debtor    Case No. _____

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing Summary and Schedules, consisting of 13 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   11/29/04     Signature   *Emanuel Brown*

*Emanuel N. Brown, Debtor*

Penalty for making a false statement or concealing property.  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. SS 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re   *Emanuel N. Brown*

Case No.
Chapter *13*
/ Debtor

Attorney for Debtor: Neal Feld

## STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from Employment or Operation of Business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this case calendar year.

Income, year to date: *$6,800*
Last year: *$16,600*
Year before: *$16,000*
Source(s): *Employment*

### 2. Income other than from Employment or Operation of Business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.

[X] None

### 3. Payments to Creditors.

a. List all payments on loans, installments, purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.

[X] None

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.

[X] None

_____

4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments.

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

[X] None

_____

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

[X] None

_____

5. Repossessions, Foreclosures and Returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.

[X] None

_____

6. Assignments and Receiverships.

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.

[X] None

_____

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.

[X] None

---

7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

[X] None

---

8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

Property: *1992 Buick LaSabre*
Value: *$1300*
Circumstances: *Vandalized*
Insurance coverage: *None*
Date of loss: *01/2004*

---

9. Payments Related to Debt Counseling or Bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Payee: *Neal Feld*
Address: *500 N. Michigan, Ste. 300*
Addr2: *Chicago, Illinois 60611*
Date of payment:
Payor: *Emanuel N. Brown*
Payment/Value: *$ 250.00*

10. Other Transfers.

    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as a security within one year immediately preceding the commencement of this case.

    [X] None

_____

11. Accounts.

    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

    [X] None

_____

12. Safe Deposit Boxes.

    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.

    [X] None

_____

13. Setoffs.

    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.

    [X] None

_____

## 14. Property held for Another Person.

List all property owned by another person that the debtor holds or controls.

[X] None

_____

## 15. Prior Address of Debtor.

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.

[X] None

_____

## 16. Nature, Location and Name of Business.

a. If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b. If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within two years immediately preceding the commencement of this case.

c. If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within two years immediately preceding the commencement of this case.

[X] None

_____

## 17. Books, records and financial statements.

a. List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised keeping of books of account and records of the debtor.

[X] None

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

[X] None

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

[X] None

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within two years immediately preceding the commencement of this case by the debtor.

[X] None

## 18. Inventories.

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

[X] None

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

[X] None

19. Current Partners, Officers, Directors and Shareholders.

   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

   [X] None

_____

   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

   [X] None

_____

20. Former partners, officers, directors and shareholders.

   a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

   [X] None

_____

   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

   [X] None

_____

21. Withdrawals from a Partnership or Distributions by a Corporation.

   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compen including compensation in any fns, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

   [X] None

_____

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct.

Date 11/28/04          Signature _Emanuel N. Brown_
Emanuel N. Brown, Debtor

Penalty for making a false statement or concealing property.  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. SS 152 and 3571.